CHARLES G. MOXLEY and JOHN S. MOXLEY, Respondents, *v.* DANIEL M. SHEPARD and GARWOOD & LEEDS, Appellants.

The statute of April 12th, 1850, " To provide for the lien of mechanics and others," has placed liens for *materials*, and liens for *labor*, on the same footing ; and it is error in the court to refuse to distribute the proceeds in conformity to the statute.

APPEAL from the Eighth Judicial District, Yuba County.

The appellants in the court below, under the 13th section of the Practice Act, claimed a *pro rata* distribution of the proceeds of a building, sold by the sheriff to satisfy a judgment decreeing a mechanic's lien, upon a claim of Garwood & Leeds. The appellants claimed, also, under a judgment against the building, for *materials* furnished, and their judgment was of the same date with that of the respondents. The court below rejected the claim of the appellants ; who took this appeal.

*Walker*, for appellants.

By the 9th sect. of the Mechanic's Lien Law, liens for *labor* and for *materials* are all of equal force ; neither has precedence of the other. Such is the law in Pennsylvania, and our statute is very similar to the statute of that state. 5 Wats. 487. And if their liens are of equal value, the parties are entitled to distribution *pro rata* of the proceeds of sale.

MURRAY, C. J., delivered the opinion of the court, with which HEYDENFELDT, Justice, concurred.

This was an application, upon the part of the appellants, to the court below, for a *pro rata* distribution of the proceeds of a building, sold to satisfy a judgment decreeing a mechanic's lien.

The appellants had a judgment against the building, of the same date with that of the respondent, for materials furnished in its construction. Our statute has placed liens for materials and liens for labor on the same footing.

The court erred in refusing to distribute the proceeds in conformity with the statute.

Judgment reversed, and new trial ordered, with costs.