## CROWELL *et al. v.* GILMORE *et al.*

THE lien of mechanics for labor performed and materials furnished towards the erection or repair of a building attaches, even though the employer has but an equitable interest in the land and building.

The lien may be recorded within sixty days after the completion of the building, and, by relation, will attach from the date of the commencement of the work.

Persons dealing with the property during the progress of the work, are charged with notice of the claims of the mechanic.

APPEAL from the Ninth District.

In 1853, J. C. Spencer became, and has since been, the owner of a lot in Shasta, upon which the building referred to in this

case was erected, excepting, however, a small fraction not material to be noticed.   In 1854, John Ball leased the lot of Spencer, and, in 1855, erected a building thereon, Spencer agreeing to sell Ball one-half of the lot at a price agreed on, and to pay one-half the cost of the building.   Ball completed the building without assistance from Spencer.   In the fall of 1856, Ball, with the knowledge and consent of Spencer, began to enlarge this building by adding two stories and running it back thirty-five feet, at a cost of thirty thousand dollars, Spencer signing mortgages on the property, with Ball, to raise money.   This enlargement began in November, 1856, and ended on or about April 1st, 1856. The plaintiffs were the carpenters and laborers employed by Ball at day's work during this time to enlarge the building.   Ball was in possession ever since his lease in 1854.   Defendants, with the exception of Gilmore, held mortgages on the property executed by Ball and Spencer jointly in November and December, 1856, but subsequent to the time when the enlargement of the building commenced.   The liens claimed were all recorded according to law.   Plaintiff Crowell brought suit against Gilmore, the assignee in insolvency of Ball, to enforce his lien.   The other plaintiffs appeared, and proved their liens under the statute, and the mortgagees asked permission to intervene and defend.   The Court below decreed that the intervenors be paid first, as the legal title to the land mortgaged was in Spencer.   Spencer was not a party to the suit.

*Crocker & McKune,* for Appellant, argued, that Ball had an equitable interest in the land, sufficient to support the lien of the mechanics, which has priority over the mortgagees.   (Wood's Digest, 538, Sec. 4; Gaskill *v.* Trainor, 3 Cal. 334; Gaskill *v.* Moore, 4 Cal. 233.)

That the mortgagees were estopped from denying the title of Ball, he being one of the mortgagors.   (12 Wend. 65; 17 Id. 164; Doe *v.* Clifton, 4 Adolphus & Ellis, 809; Doe *v.* Vickers, Id. 782; 2 Cal. 263; 4 Id. 247.)

The acts of Spencer are sufficient to bind his interest in the land.   (2 Cal. 489; 3 Id. 302; 4 Id. 97; 4 Barr, 194; 1 Bay. 239; 1 Johns. Ch. R. 354; 2 Johns. 589; 1 Story's Eq. Sec. 385; 2 Smith's Leading Cases, 537, 561, and Cases cited.)   Spencer, however, does not controvert the rights of plaintiffs.

Defendants had notice of Ball's equitable title, through his possession. (Bird v. Dennison, 7 Cal. 297; Stafford v. Lick, Id. 479; Ellis v. Jeans, 7 Cal. 409; Bryan v. Ramirez, 8 Cal. 461.)

*Sprague & McMurtry*, for Respondent, argued, that Ball was a mere tenant of Spencer, without title, legal or equitable.

TERRY, C. J. delivered the opinion of the Court—BALDWIN, J. concurring.

The record in this case shows that defendant, Ball, had an equitable interest in the premises which was subject to the liens of plaintiffs, and the contracts between Ball and plaintiffs having been made, and the work under such contracts being actually progressing at the time of the execution of Respondent's mortgages, the liens of the mechanics for labor performed and material furnished pursuant to such contracts, must, as to Ball's interest, be preferred to the mortgages, under the authority of Soule v. Dawes, (7 Cal. 576,) where it is held that: "By our statute, the lien of mechanics may be recorded within sixty days after the completion of the building, and by relation, the lien attaches from the date of the commencement of the work. All persons who deal with the property during the progress of the work, are charged with notice of the claim of the Contractor."

Judgment reversed and cause remanded.