HOYT, Ex parte. See Case No. 17,051.

## Case No. 6,805.

### In re HOYT.

[3 Biss. 436.] [1]

District Court, W. D. Wisconsin. Jan., 1873.

LIEN OF MECHANIC RELATES BACK—PRIORITY.

1. Under the mechanics' lien law of Wisconsin, the liens relate back to the commencement of the building, without reference to the time when the work was actually done or materials furnished.

[Cited in Thomas v. Mowers, 27 Kan. 268; Bassett v. Swarts, 17 R. I. 217, 21 Atl. 352; Bryant v. Small, 35 Wis. 208.]

2. Such liens take precedence of a mortgage given after the commencement of the work.

3. But as between mechanics there can be no priority.

This was a petition filed by mechanics to obtain priority of payment out of the funds in court as against the mortgagee of the same premises. About the middle of April, 1871, the bankrupts commenced the building of a hotel at Chippewa Falls, and on the 10th day of July, 1871, they gave a mortgage to Romeo H. Hoyt for $15,000, upon the premises covered by the hotel building then in process of erection, which mortgage was recorded on the day following. Work was continued on the building after the giving and recording of the mortgage, and new contracts were thereafter made for work and materials therefor. The bankrupts not paying such debts either for materials or work done before or after the mortgage, the parties filed liens upon the building in pursuance of the provisions of the statute of the state. Subsequent to the completion of the building, the proprietors were proceeded against in bankruptcy and adjudged bankrupts, and the property, by this court, ordered to be sold free and clear of all liens. The Wisconsin mechanics' lien law will be found in Re Cook [Case No. 3,151].

J. M. Bingham, for mechanics.
Bartlett & Hayden, and A. G. Safford, for mortgagee.

HOPKINS, District Judge. The question now presented is, which has priority, the mortgagee or the mechanics? The mechanics and material men claim that their liens take precedence of the mortgage, as well those growing out of contracts entered into after the giving of the mortgage as before; that in both cases their liens take effect by relation from the commencement of the building under the mechanics' lien

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

law of this state. Tayl. St. 1871, p. 1762. By the first section of that act it is provided that mechanics and others shall have a lien for work and materials used in the construction of any building, "before any other lien which originated subsequent to the commencement of the building." The question depends upon the proper meaning of that clause. I do not find that it has been directly passed upon by the supreme court of this state.

In Rees v. Ludington, 13 Wis. 276, and Jessup v. Stone, Id. 466, the question was whether a mortgage executed prior to the commencement of the building took precedence of mechanics' liens upon the building as well as the ground upon which it was situated, and the court held that the mechanics' liens were subordinate to the mortgage upon both the building and ground. In preparing the opinion it seems to have been assumed by the court that the liens attached as of the time of the commencement of the building, for the learned chief justice who wrote the opinion of the court, says: "If we are correct in these views, the design was to give the mechanic a lien from the commencement of the building," etc. But it was claimed, inasmuch as that point was not directly before the court, that it was not authoritatively decided. I have therefore examined the question as if not decided, and construed the act according to my understanding of it.

It is apparent to my mind that the legislature designed that the claims of mechanics and others, for work and materials, should have preference to all liens created by the party after the commencement of the building; that such liens should relate back to the commencement of the building without reference to the time when the work was done or material furnished, provided such liens were filed and prosecuted as prescribed by the act. The statute, by declaring that such liens should be before any liens originating subsequent to the commencement of the building, impliedly fixed that time as the date of the lien. The provision will not admit of any other construction. The lien is a creature of the statute and has the force and effect given to it by the law of its creation.

What effect a suspension of work for some considerable length of time might have in any given case, it is unnecessary to consider, as in this case there is no claim that the work was not prosecuted without intermission; nor do I wish to be understood as deciding whether or not a great change in the plans of the building after giving a mortgage would change the rule of priority, as there are no facts before me now requiring such a decision. In the construction I have given to the act I have assumed the ordinary case of continuing the work without material interruption or alteration of plans, and have not considered what modifications should be made in other cases, if any.

In some of the states the statutes give a lien "from the commencement of the work," while in others they are like the statutes here, and as they have received an interpretation by the courts of those states, I am not without aid in construing our own.

In the case of American Fire Ins. Co. v. Pringle, 2 Serg. & R. 138, the supreme court of Pennsylvania construed a like provision in the statutes of that state as giving to the mechanic a lien for work from the commencement of the building, and held such lien to be prior to the lien of a mortgage given after the commencement of a building, although the contracts for the work for which the liens were claimed were made after the giving of the mortgage. That doctrine was afterwards approved and followed in Pennock v. Hoover, 5 Rawle, 291; and in Hern v. Hopkins, 13 Serg. & R. 269, it was applied to a judgment lien obtained during the construction of a building, which was held to be overreached by the relation of the mechanics' lien back to the commencement of the building.

In Maryland, the statute is like ours, and the court of chancery of that state, in Wells v. Canton Co., 3 Md. 234, hold that mechanics' liens attach from the commencement of the building, and have preference over all liens attaching subsequently.

In the state of Missouri there is also a mechanics' lien law for the city of St. Louis, like ours in respect to the clause now under consideration, and in Dubois v. Wilson, 21 Mo. 213, it is held that a lien of a mechanic for work and materials furnished under a contract with the owner overreached a mortgage placed upon the building after its commencement, although the work was done and materials furnished after the mortgage was executed. That court approved of and followed the case of American Fire Ins. Co. v. Pringle, supra.

The counsel representing the mortgagees in those cases urged upon the attention of the court the same constitutional objections to the law as are presented here, but they failed to influence the judgment of those courts. Nor do I appreciate the force or pertinency of such objections. The mortgagee is chargeable with a knowledge of the law, and he must be presumed to have known the fact that a building was in process of construction when he took his mortgage. He should, therefore, have protected himself against liens of mechanics and others by the terms of his contract. His want of proper caution in not doing so cannot prejudice the plain statutory rights of mechanics, nor can he successfully maintain that the act impairs the obligation of his contract by postponing his lien to theirs, which he must have known might be the case when he took his mortgage. Presumptively, property is enhanced in value

equal to the amount of the work and materials used in building upon it. It is true, as a general rule, that all improvements by a mortgagor inure to the benefit of the mortgagee without liability or expense to him, by increasing the value of his security. But the legislature have by this act modified that rule in the interest of labor, and postponed or subordinated the lien of a mortgage, and all liens created intermediate to the commencement and completion of a building, to the claims of mechanics for work and materials used in the building. I cannot see any constitutional objections to such an act. With the policy or propriety of the act courts have nothing to do. Those questions are for the legislature. But if it were otherwise, I cannot see any valid objection to the principle or equity of the statute. This disposes of the question of priority between the mechanics and mortgagee, and subordinates the mortgage to their liens.

The counsel for the mechanics discussed the question as to whether there should be any priority as between them. It seems to me that the view I have taken of the first question disposes substantially of this, for it follows logically from it that there can be no preference as between them. I have held that the mechanics' liens by relation date from the commencement of the building, not one but all. The circumstance of one commencing work first does not give any priority. They all stand on the same footing and are to be paid in full or pro rata, as the funds may suffice. Such is the express provision of the statute of New Jersey. But without any statute, such construction is the most just and equitable. The building is the result of the labor of the mason, carpenter, bricklayer, plasterer, glazier and painter. It is the joint product of the skill of the artisan and the means of the material man. Each contributed and each should share alike without preference. Some one of the various kinds of mechanics must commence first, but the accident of commencing does not give that one any superior equity.

There is a like statute in the states of California and Oregon, and in both of these states it has been held that all liens arising under the act stand upon the same footing. All relate to the commencement of the building, and none have priority over the others. Moxley v. Shepard, 3 Cal. 64; Crowell v. Gilmore, 18 Cal. 370; Willamette Falls Co. v. Riley, 1 Or. 183.

Logically these cases support as well the first proposition hereinbefore discussed, for they each hold that such liens by relation take effect from the commencement of the building. If so, they must necessarily overreach all subsequent mortgages or transfers. I do not find, nor was I referred by the learned counsel to any case holding a different doctrine.

In the state of Ohio, where the law gives a lien only "from the commencement of the work or furnishing materials," the supreme court, in a remarkably well considered case (Choteau v. Thompson, 2 Ohio St. 114) hold that the act creates no priority as between the mechanics and material men; that, though they commenced work at different times, they were to be paid equally. The decision is based upon the manifest equity of the statute in view of the position in which each mechanic stands to the building.

The lien holders, or some of them, I understand, have taken judgment for the amount of their liens. I do not wish to be understood as expressing any opinion upon the validity of such judgments, or as sustaining the right of a party to proceed to judgment after bankruptcy proceedings are commenced. These matters are reserved until the debts or judgments are proved and properly before the court.