[L. A. No. 9264. In Bank.—May 18, 1928.]

FIRST METHODIST EPISCOPAL CHURCH OF SANTA MONICA (a Corporation), Appellant, v. COUNTY OF LOS ANGELES (a Municipal Corporation), Respondent.

Tanner, Odell & Taft and Walter L. Mann for Appellant.

Edward T. Bishop, County Counsel, J. A. Tucker, Chief Deputy County Counsel, Everett W. Matoon, County Counsel, and W. Sumner Holbrook, Jr., Deputy County Counsel, for Respondent.

LANGDON, J.—In this action a hearing was granted by this court after decision by the district court of appeal in order that the case might be considered with another one growing out of a similar controversy in which a decision had been rendered by the district court of appeal and which latter decision was inharmonious with the decision in the instant case. (*West Glendale M. E. Church* v. *McClellan*, L. A. No. 8432, *post,* p. 697 [267 Pac. 705].) A careful consideration of the arguments and opinions in both cases has convinced us of the correctness of the views announced in the decision of the district court of appeal, Craig, J., heretofore filed herein and that decision is accordingly adopted as and for the opinion and decision of this court. It reads as follows:

"This appeal is from a judgment sustaining a demurrer to a second amended complaint, which alleged that the appellant is a religious corporation, owning two lots in the city of Santa Monica, Los Angeles County, upon which is situated a church building used solely and exclusively for religious worship, and that all of its real property here involved is required for the convenient use and occupation of said building. In the year 1924, the properly constituted authorities of Los Angeles County assessed and levied upon said property a tax amounting to $849.51, without the knowledge, acquiescence or consent of appellant of which tax appellant learned on December 1, 1924, and upon said date paid it to the tax collector under protest. The amended complaint also alleges that the assessor and his deputy at all times mentioned had actual personal knowledge of the ownership and use of the property in question as therein stated, and that the same was exempt from taxation; further, that the assessor did not at any time during the year 1924, demand, exact or notify the plaintiff to make, verify or file

a statement setting forth property owned by it or under its possession or control. It appears that after paying the tax, appellant duly claimed the return thereof, which was refused, whereupon this action was begun to recover the amount paid, upon the claim that the property is exempt from taxation under section 1½ of article XIII of the constitution, and section 3611 of the Political Code. ▮▮ In resisting the suit, respondent's sole contention is that the failure to file the affidavit required by section 3611 of the Political Code amounts to a waiver of such exemption, and that the amended complaint is fatally defective in that it contains no allegation that such affidavit was filed.

"Appellant's contention is that this section is intended only to provide a method of supplying evidence of the fact that the property is exempt, and that it does not provide for a waiver of the exemption in case no affidavit be filed; further, that if it were construed as requiring the filing of an affidavit in order that exemption may be secured, such provision would be unconstitutional, because, it is said, it would conflict with section 1½ of article XIII of the Constitution of this state. Section 1½ reads as follows:

" 'All buildings, and so much of the real property on which they are situated as may be required for the convenient use and occupation of said buildings, when the same are used solely and exclusively for religious worship, shall be free from taxation; provided, that no building so used which may be rented for religious purposes and rent received by the owner thereof, shall be exempt from taxation.'

"The Political Code, section 3611, quoting and providing a method of procedure for acquiring exemption under the foregoing section of the Constitution, was enacted by the legislature in the following language:

" 'That any person claiming property to be exempt from taxation under this section shall make a return thereof to the assessor annually, the same as property is listed for taxation, and shall accompany the same by an affidavit showing that the building is used solely and exclusively for religious worship, and that the described portion of the real property claimed as exempt is required for the convenient use and occupation of such building, and that the same is not rented for religious purposes and rent received by the owner therefor.'

"Respondent is correct in stating the issues to be, first, does the failure to comply with the provisions of section 3611 of the Political Code constitute a waiver of the exemption; and, second, so construed, is section 3611 constitutional? However, we find it unnecessary to decide the second question. We search the section in vain for any provision therein requiring that a failure to file an affidavit shall result in a waiver of the right to exemption. It contains no such express declaration. Nevertheless, respondent contends that it does contain such a provision. If so, it must arise by implication. █ But an intention to legislate by implication is not to be presumed. (*Crowell* v. *Gilmore*, 18 Cal. 370.) No very definite reasons are assigned for believing that the legislature meant to provide by implication that a failure to file the affidavit should result in a waiver of the right provided by the Constitution to tax exemptions. An analysis of section 3611 of the Political Code shows that the first provision of it is merely a quotation of section 1½ of article XIII of the Constitution. The appellant asserts, and the respondent concedes, that this section is self-executing. Since we think it unnecessary to a decision upon this appeal to pass upon that question, no opinion is expressed. It may be assumed as argued by respondent, that even though a constitutional provision is self-executing, the legislature may, and in many instances must, enact legislation to facilitate its operation, and to provide convenient remedies for the protection of the right established, and for the determination thereof and the regulation of claims thereto. Such legislation must be in furtherance of the purposes of the constitutional provisions, but if so, it is valid and enforceable. The last provision of section 3611 is, we think, such a law. It is regulatory, and places no unreasonable burden upon those entitled under section 1½ of article XIII of the Constitution to tax exemption. It creates no hardship to require of a property owner that he file an affidavit showing that the property claimed to be exempt is used solely for religious worship, that it is required for the convenient use and occupation of the building upon the premises, and that the same is not rented for such purposes and rent received by the owner therefor. If the person claiming exemption fails to make a return to the assessor by filing the affidavit contemplated, the latter acts entirely within the scope of his

authority in assessing the property just as he would any other property. This is clearly intended by section 3611 of the Political Code. But respondent argues further that the language employed is mandatory, that anyone claiming exemption must comply with the section and that unless such a construction is placed upon it the provision amounts to nothing more than a request to the taxpayer that he file an affidavit in order that the assessor may be aided in his work.

"It may be that the statute would be more effective if the legislators had provided it with teeth, and annexed a penalty merely to make the law more effective and to reduce the work of the assessor, or to avoid time-wasting on the part of other public officials. Even though the construction placed upon the law by respondent is not adopted, it cannot be said that the claimant has no incentive to comply with the requirement that he file an affidavit. The result of his failure to make a return to the assessor is bound to be, as in the instant case, that his property is taxed and he is put to the trouble and expense of a proceeding before the board of supervisors for a cancellation of the assessment, after being required to secure from the district attorney the latter's consent, or else he must pay his taxes under protest and apply to the board of supervisors for their refund, or, upon the refusal of the supervisors to direct such refund, he is compelled to institute an action in the superior court. In either of such proceedings the taxpayer would be required to show that the property in question was used exclusively for religious purposes and that it was not rented for such purposes. It may reasonably have been the idea of the legislators in enacting this law that such inconvenience and the loss of money and time incidentally involved would provide sufficient incentive to inspire compliance with the sections of the Constitution and Political Code in question without adding the further penalty of a loss of the exemption itself. At any rate they omitted provision for such a penalty.

"Aside from consideration of the language of a statute where any substantial doubt exists as to its meaning, it is, of course, proper to regard extrinsic aids. One which may reasonably be given weight in this case, and which must throw great light upon the legislative intent, is a comparison of other provisions of the same chapter of the Political Code,

having to do with other related exemptions. Sections 3612 and 3613 of the Political Code, respectively, provide for the exemption from taxation of war veterans and of educational institutions. It will be noted that each of these sections, after providing for a showing to be made by one claiming exemption similarly to that called for by section 3611, expressly add that a failure to make a return shall be deemed to constitute a waiver of the right given by the Constitution. In *People* v. *Buster,* 11 Cal. 221, which is not distinguishable in principle, the Supreme Court said, at page 221: 'The omission of this provision in the sections which touch cases like this is significant to show that a different intention existed.' Surely, the fact that these parallel provisions for tax exemption, one immediately following the other, are distinctly dissimilar in this one provision, is indicative of the fact that the legislature in making the difference did so intentionally and deliberately. We are satisfied that the provision of section 3611 of the Political Code requiring any person claiming property to be exempt from taxation under that section to make a return thereof to the assessor was intended to assist the assessor in determining what property should be omitted from assessment, but that it was not the purpose of the legislature in enacting it to make a failure to comply therewith a waiver of the exemption provided in section 1½ of article XIII of the Constitution. Consequently one entitled ·to such an exemption may still avail himself of it in a proper proceeding, and for that purpose the complaint filed in the instant case states a cause of action.''

The judgment is reversed.

Curtis, J., Shenk, J., Richards, J., Waste, C. J., and Preston, J., concurred.