[L. A. No. 8432. In Bank.—May 18, 1928.]

WEST GLENDALE METHODIST EPISCOPAL CHURCH (a Corporation), Appellant, v. R. F. McCLELLAN et al., Respondents.

George H. Moore for Appellant.

Everett W. Mattoon, County Counsel, W. Sumner Holbrook, Jr., Deputy County Counsel, Edward T. Bishop, County Counsel, and J. A. Tucker, Chief Deputy County Counsel, for Respondents.

LANGDON, J.—This is an appeal from a judgment for defendants entered after a demurrer to the complaint had been sustained without leave to amend. Plaintiff sought a writ of mandate directed to the supervisors, auditor and tax collector of Los Angeles County, to compel the cancellation of a tax assessment for the year 1923, against property alleged to be used exclusively for religious worship by plaintiff and necessary for such use. It is also alleged that the district attorney had consented, in writing, that the petition for cancellation of the tax be granted, and that this petition was presented to the supervisors and to the auditor and "that at all times since the said board of supervisors has refused to direct the auditor to cancel said assessment and tax and have based their refusal solely on the ground that plaintiff failed to make a return and an affidavit as authorized by section 3611, Political Code," in the time prescribed thereby. It is also alleged that the tax collector is threatening to sell said property for said delinquent taxes. The complaint does not allege that the plaintiff has complied with the requirement of section 3611 of the Political Code. The trial court held that the failure of plaintiff to file with the assessor the report and affidavit required by that section was fatal to its cause of action. The correctness of that ruling is the sole matter to be determined in this appeal.

The legal question involved here has been determined this day by this court in a case involving a similar state of facts with reference to the 1924 tax upon church property. (*First Methodist Episcopal Church of Santa Monica* v. *County of Los Angeles,* ante, p. 201 [267 Pac. 703].) In that case it was decided that a noncompliance with section

3611, Political Code, does not waive the tax exemption. The holding of that case is conclusive here.

The judgment is reversed.

Curtis, J., Shenk, J., Richards, J., Waste, C. J., and Preston, J., concurred.