[No. A029485. First Dist., Div. One. Feb. 21, 1986.]

THOMAS SPINOSA et al., Plaintiffs and Appellants, v.
ADOLPHUS ANDREWS III et al., Defendants and Respondents.

COUNSEL

Terence Faulkner and Thomas Spinosa, in pro. per., and Arlo Hale Smith for Plaintiffs and Appellants.

William F. Terheyden and Donald A. Casper for Defendants and Respondents.

OPINION

ELKINGTON, J.—The above-named plaintiffs appeal from a judgment denying their application for a writ of mandate compelling defendant Republican County Central Committee of San Francisco and defendant Adolphus Andrews III, its chairman, to allow plaintiffs Spinosa, Faulkner, Woods, and Silvestri, *two* votes each at all meetings of defendant Republican County Central Committee.

On their appeal plaintiffs contend that: "Under Elections Code sections 9323 and 9324(a) a Republican nominee for Assembly or Congress who is also an elected Republican County Central Committee member is entitled to two votes."

Elections Code section 9323 simply provides: "In each city and county a county central committee shall be elected by Assembly districts and shall consist of 10 members elected from Assembly District 16, 10 members elected from Assembly District 17, and five members elected from Assembly District 19." The City and County of San Francisco, as its name indicates, is such a "city and county" as is referred to in section 9323. Otherwise the statute has scant relevance to the issue of the appeal.

It is section 9324, subdivision (a), upon which plaintiffs really rely; as here relevant it recites (the italics are ours):

"(a) In each county the nominee of the party *for State Senator,* the nominees of the party *for the Assembly,* . . . and the nominee of the party *for Representative in Congress* shall be ex officio members of this committee [here the Republican County Central Committee]. . . . *Ex officio members shall be entitled to all the rights and privileges, including the right to vote, and shall have the same standing in every way as other members of this committee,* except they shall not be entitled to a ballot designation of incumbent upon seeking election to this committee in the next direct primary. . . ."

Each of the five plaintiffs was a duly elected member of the county's Republican County Central Committee. Additionally, plaintiffs Woods, Silvestri, and Dolson were the county's Republican Party nominees "for the Assembly," and plaintiff Spinosa was such a nominee "for Representative in Congress."

It was the dual basis of their Republican County Central Committee membership, upon which plaintiffs Spinosa, Woods, Silvestri and Dolson claim each of their entitlements to *two votes.*

■  We note initially that it is the essence of our democratic and political institutions that in such affairs, each person entitled to vote and regardless of status or position, shall have but *one vote.* Had the Legislature, in the context of the case before us, intended otherwise it may reasonably be inferred that it would have said so.

■  Moreover, plaintiffs' suggestion that Elections Code section 9324 *implies* that persons situated as were plaintiffs Woods, Silvestri, Dolson and Spinosa, are entitled to two votes is rejected by *First M. E. Church v. Los Angeles Co.* (1928) 204 Cal. 201, 204 [267 P. 703]: "[A]n intention to legislate by *implication* [our italics] is not to be presumed."

But here, perhaps more importantly, section 9324, subdivision (a), expressly gives such persons "the right to vote" without mention of the dual right claimed by them, *and* states that they "shall have the same standing *in every way* as other members of [the] committee." Other members of the committee concededly, have but one vote.

Nothing is found in Elections Code sections 9321 and 9329, and in *Azevedo v. Jordan* (1965) 237 Cal.App.2d 521 [47 Cal.Rptr. 125], relied upon by plaintiffs of aid to them on their appeal.

We accordingly find the appeal meritless.

It becomes unnecessary for us to consider other of the points and contentions of the parties.

The judgment is affirmed.

Racanelli, P. J., and Holmdahl, J., concurred.