[L. A. No. 9051. In Bank.—May 26, 1926.]

ALLYN H. BARBER, Respondent, v. PALO VERDE MUTUAL WATER COMPANY (a Corporation), Appellant.

[1] APPEAL—PLACE OF TRIAL—SUBDIVISION 2, SECTION 963, CODE OF CIVIL PROCEDURE—CONSTRUCTION OF.—The provision in subdivision 2 of section 963 of the Code of Civil Procedure that an appeal may be taken from an order changing or refusing to change the place of trial refers only to orders made under section 397 of the Code of Civil Procedure, relating to changing the place of trial from one county to another, and does not include an order changing or refusing to change the place of trial from one place in the county to another place in the same county.

[2] STATUTORY CONSTRUCTION—AMENDMENTS.—A clause in a statute will be given no different meaning after an amendment than it had before, if the amendment relates to other matters and was obviously not designed to affect its meaning.

[3] PLACE OF TRIAL—SECTION 142, CODE OF CIVIL PROCEDURE—CONSTRUCTION.—Section 142 of the Code of Civil Procedure permits the judges of the superior court, in their discretion and for the convenient dispatch of business, to direct that the court be held or continued at any place in the county not less than 120 miles distant from the county seat, but does not purport to authorize the parties to an action to demand that the place of trial be changed from the appointed place of holding the court to some other place in the county.

[4] ID.—ORDER CHANGING PLACE OF TRIAL FROM CITY TO ANOTHER CITY IN SAME COUNTY—EFFECT OF—APPEAL.—An order changing the place of trial from a city in a county to the county seat of the same county amounts to no more than an order that the cause be reset for trial at the regular place of holding the court, and at a time convenient for court and counsel; and if the material rights of the party opposing such order are prejudiced by the court's action, the order may be reviewed on appeal from the final judgment.

(1) 3 C. J., p. 473, n. 25 New.   (2) 36 Cyc., p. 1165, n. 80. (3) 15 C. J., p. 896, n. 54.   (4) 4 C. J., p. 680, n. 54.

1.  See 25 Cal. Jur. 917.
2.  See 23 Cal. Jur. 778.
3.  See 7 Cal. Jur. 609.

MOTION to dismiss appeal from an order of the Superior Court of Riverside County changing place of trial from one city in county to another in the same county. G. R. Freeman, Judge. Appeal dismissed.

The facts are stated in the opinion of the court.

I. W. Stewart, Ward Chapman and Arvin B. Shaw, Jr., for Appellant.

Culver & Nourse for Respondent.

A. T. Stadler, *in pro. per.*

WASTE, C. J.—Motion to dismiss an appeal from an order of the superior court of Riverside County purporting. to change the place of trial of the action from the city of Blythe, in said county, to Riverside, the county seat. The action was brought for conversion of shares of stock of the defendant company. The answer denied conversion and set up specifically that plaintiff was not the real party in interest. When the cause was at issue it was stipulated between the parties that it might be set down for trial. It is the custom in Riverside County for the superior court, acting under the permission granted by section 142 of the Code of Civil Procedure, to hold a regular semi-annual term of the court at Blythe, which is situated more than 200 miles from the county seat. The section, as amended in 1919, provides that whenever the judge or judges of the superior court, authorized to hold or preside at a court appointed to be held in a particular place in a county, "deem it necessary or advisable," they may "direct that the court be held or continued at any other place in the city and county, county, city or town not less than one hundred twenty miles distant from the county seat." The court set the present action for trial during the term to be held in Blythe beginning October 26, 1925. Subsequently the plaintiff moved for an order changing the date and place of trial from the October term at Blythe to a date convenient to the calendar of the court at Riverside. The motion was supported by affidavits, and was made upon the ground that a fair and impartial trial could not be had at Blythe. The court granted the motion,

and the defendant Palo Verde Mutual Water Company has appealed. The plaintiff and respondent now moves to dismiss on the ground that the order granting the motion is not appealable.

[1] Appellant's contention in support of its appeal is that the order of the lower court directing that the cause be heard at Riverside instead of Blythe was, in effect, an order changing the place of trial, within the contemplation of section 963, subdivision 2, of the Code of Civil Procedure, granting an appeal from such orders. We are not persuaded · that that is so. The authority given the superior court to change the place of trial of actions is found in section 397 et seq. of the code, which clearly, by language and intent, relate to changing the place of trial from one county to another. We are of the view that the language in section 963 of the code, providing that an appeal may be taken from an order of the superior court "changing or refusing to change the place of trial," should not be construed to include an order changing or refusing to change the place of trial from one place in the county to another place in the same county. Section 397, providing in what cases the place of trial may be changed from county to county, on motion, and the provision of section 963, permitting an appeal from an order changing or refusing to change the place of trial, were enacted at the same time (1872) as part of the Code of Civil Procedure. Until section 142 of the code was amended, in 1919, to permit the holding or continuance of court at some place in the county not less than 120 miles distant from the county seat, there was no opportunity for the contention now advanced by appellant to be made. In 1923, section 963, relating to appeals, was amended in one particular not here pertinent. Appellant argues that, by the re-enactment of the section, including the provision giving the right of appeal from an order changing or refusing to change the place of trial, it must follow that the legislature not only had in mind the provisions of section 397, but intended to allow an appeal from an order changing or refusing to change the place of trial in the same county. [2] The rule is, however, that a clause in a statute will be given no different meaning after an amendment than it had before, if the amendment relates to other matters, and was obviously not designed to affect its

meaning. (23 Cal. Jur. 778, par. 154.) We are of opinion that the provision in section 963 that an appeal may be taken from an order changing or refusing to change the place of trial must be held to refer only to orders made under section 397, relating to changing the place of trial from one county to another.

[3] The provision of section 142, *supra*, permits the judges of the superior court, in their discretion and for the convenient dispatch of business, to direct that the court be held or continued at any place in the county not less than 120 miles distant from the county seat. As a corollary thereto there must exist like power to revoke any order made with that object in view. The court at all times retains jurisdiction of the parties and of the subject matter of the action. The section does not purport to authorize the parties to an action to demand that the place of trial be changed from the appointed place of holding the court to some other place in the county. [4] The order here complained of, under the circumstances disclosed by the record, amounted to no more than an order that the cause be reset for trial at the regular place of holding the court, and at a time convenient for court and counsel. If the material rights of the defendant were prejudiced by the court's action, the order may be reviewed on appeal from the final judgment.

The appeal is dismissed.

Curtis, J., Shenk, J., Seawell, J., Lennon, J., Finlayson, J., *pro tem.*, and Richards, J., concurred.