[Civ. No. 31141.   Second Dist., Div. Two.   Apr. 15, 1968.]

THOMAS L. AMBROSE et al., Plaintiffs and Appellants, v. ALAN CRANSTON, as State Controller, etc., Defendant and Respondent.

Loeb & Loeb, Herman F. Selvin and Kaplan, Livingston, Goodwin, Berkowitz & Selvin for Plaintiffs and Appellants.

Thomas C. Lynch, Attorney General, and Edward M. Belasco, Deputy Attorney General, for Defendant and Respondent.

FLEMING, J.—Appellants, who are retired judges and widows of retired judges of the Court of Appeal, superior court, and municipal court, sought a declaration they were entitled to increased retirement benefits under the Judges' Retirement Law (Gov. Code. §§ 75000-75109) by virtue of a 1959 amendment (Stats. 1959, ch. 1363, § 1, pp. 3634-3635) which added Article 3.6 (codified as Gov. Code, §§ 75075-75079) to chapter 11 of title 8 of the Government Code. The

trial court declared that appellants were not entitled to the increased benefits sought.

Prior to 18 September 1959 (the effective date of Article 3.6), appellants or their decedents had retired pursuant to section 75025 of the Government Code, the section which establishes the criteria for eligibility for retirement, or section 75060, which provides for disability retirement, and thereby became entitled under section 75032 or section 75060.6 to retirement benefits amounting to 50 percent of the current salary of the holder of the office to which they had last been elected.

The 1959 amendment, Article 3.6, provided in section 75076 that a judge who qualified under section 75075 should receive 65 percent of the salary payable to the active judge, but that judges with 20 or more years of service who had made prescribed contributions to the Judges' Retirement Fund, should receive 75 percent of the salary payable to the active judge. Section 75075 reads in part: "Any judge hereafter retiring pursuant to the provisions of Section 75025 or Section 75060 may elect to receive the benefits accorded by this article (a) if he retires on the day of attainment of the age of 70 years, or prior thereto, or (b) regardless of age at retirement, if he is a judge on the effective date of this article and (1) retires within five years after said effective date . . ."[1] In this suit appellants seek to transfer themselves from the category of retired judges eligible for 50 percent retirement benefits into that of retired judges eligible for 65 or 75 percent retirement benefits. They contend that Article 3.6, properly construed, entitles them to the benefits provided by section 75076; that if it does not so entitle them, it is unconstitutional; that the trial court erred in receiving evidence of an unenacted Senate bill.

I

Appellants' argument that they are entitled to the higher benefits has the following structure:

1. Section 75032 formerly allowed the retired judge a percentage of the salary *he* last received in office. In 1953, however, the section was amended to tie the percentage to the current salary of the judicial office to which the retired judge was last elected.

2. The legislature thereby indicated that it intended to give all retired judges of equal rank equal retirement allowances.

3. The higher benefits authorized by Article 3.6 are "sal-

---

[1]This section has been amended three times since its enactment. Only one amendment, discussed *infra*, pages 141-142, is relevant to this case.

ary,'' and to give effect to the legislative intent to give retired judges of the same rank equal allowances, appellants must be allowed to receive those benefits.

4. Appellants have fulfilled all the conditions prescribed in Article 3.6 and are thus eligible to receive the article's benefits.

■ Probably because certain of appellants retired after they had attained the age of 70, they argue that they fall within the class of judges described in part (b) of section 75075, i.e., that they were judges on the effective date of Article 3.6 who retired within five years after that date. With that contention we disagree.

In *Pickens* v. *Johnson*, 42 Cal.2d 399 [267 P.2d 801], the appealing party attacked a judgment against him rendered by a retired judge sitting by appointment of the Chairman of the Judicial Council. One of his contentions was that the judgment was void, because the provision in the Judges' Retirement Act authorizing such appointments was unconstitutional. Under former section 75081 (repealed Stats. 1961, ch. 681, § 6, p. 1920) retired judges eligible to receive a retirement allowance were ''judicial officers'' of the state. In discussing the differences between retired and active judges, the court observed: ''[The retired judge's] term of office as a judge has expired, or been terminated . . . by his voluntary act, and the office is vacant . . . he has no power as a judicial officer until the happening of a contingency . . . [assignment]. That assignment does not prolong his term of office. It merely has the effect of vesting in him the power of a judge . . . during the period specified in the assignment . . . Upon the expiration of his assignment the judge resumes his prior status as a retired judge.'' (42 Cal.2d at p. 406.) This quotation embodies a distinction between a judge and a retired judge. Both are classified as ''judicial officers,'' but a judge is a judicial officer with judicial powers, or, perhaps, with authority to exercise those powers, and a retired judge is a judicial officer without judicial powers, or without authority to exercise such powers. Appellants argue that insofar as relevant here, the *Pickens* case merely decided that a retired judge on assignment was a judge, and that therefore its language about retired judges not on assignment is dictum. But the discussion in the opinion of the court would not have been necessary unless retired judges not on assignment had been deemed not to be judges; that is, if appellants were correct in saying that a retired judge is a judge, the court in *Pickens* would not have needed to distinguish, as it did, between assigned and unassigned retired judges.

The definition of judge in the Judges' Retirement Act is helpful in considering this argument of appellants. "§ 75002. 'Judge' means a justice of the Supreme Court or of a court of appeal, or a judge of a superior court or municipal court. A judge or justice of any other court does not acquire status as a judge for the purposes of this chapter by reason of designation as a judge pro tempore of, or assignment . . . to, any of the said courts." The second sentence of this section links judgeship, for purposes of the Judges' Retirement Act, to occupation of a judicial office. Since appellants ceased to occupy any judicial office when they retired, section 75002 suggests that the legislature considered them not to be "judges" after their retirement.

Thus, none of appellants fall within the class described in part (b) of section 75075.

Several of appellants retired prior to attaining the age of 70. Do any of them fall within the class described in the first part of section 75075? On its face, the section appears to exclude these appellants from that class by the phrase "hereafter retiring." Appellants argue, however, that "hereafter" means after the enactment of section 75025 and section 75060.

Section 75075, as enacted by Statutes 1959, chapter 1363, section 1, pages 3634-3635, ended with the following paragraph: "Election to receive the benefits accorded by this article is made by filing written notice thereof with the Secretary of State at or prior to retirement." The election provision was amended by Statutes 1961, chapter 1773, section 2, pages 3786-3787, to read as follows: "Every judge who qualifies under this section shall be deemed to elect to receive the benefits accorded by this article, unless he makes an election to the contrary by filing written notice thereof . . ." It is plain that the legislature in 1959 understood "hereafter retiring" to mean retiring after the effective date of the amendment, since only judges so retiring could qualify for receipt of Article 3.6 benefits by electing, in writing, at or prior to retirement, to receive them. Appellants could not have done so, since Article 3.6 was first enacted after their retirements.

Appellants' argument then becomes an argument that in 1961 the Legislature changed with retroactive effect, the meaning of "hereafter" in section 75075 by making the election automatic unless the judge indicated he did not want the benefits. We think it more reasonable to conclude that the meaning of "hereafter" has remained the same since 1959,

and that the change in 1961 was for the benefit of the originally intended beneficiaries of Article 3.6. The election provision as it now reads, like the old provision, gives the class affected by Article 3.6 an option to retire under section 75032 or section 75075. Appellants, of course, did not have the benefit of such an option, which suggests that they are still excluded from the class described in section 75075. Finally, it is a rule of statutory interpretation that "[p]arts of an amended statute not affected by the amendment will be given the same construction that they received before the amendment." (*Brailsford* v. *Blue,* 57 Cal.2d 335, 339 [19 Cal.Rptr. 485, 369 P.2d 13], citing *Barber* v. *Palo Verde etc. Co.,* 198 Cal. 649, 651-652 [246 P. 1044].) Thus, "hereafter" retained its original meaning despite the change in the mode of election.

Within the Judges' Retirement Law itself the Legislature has shown that it is perfectly capable of distinguishing between prospective and retrospective applications of the law. Section 75032, the 50 percent retirement benefit provision, is applicable to "[e]very judge who has retired or who retires pursuant to Section 75025 before or after the effective date of the amendment to this section. . . ." This language sharply contrasts with that of section 75075 which declares eligible for its benefits "[a]ny judge hereafter retiring pursuant to the provisions of Section 75025. . . ." It is difficult to imagine what additional language the Legislature could have used in order to make its meaning any plainer.

We conclude that the trial court correctly construed Article 3.6.

## II

Appellants' second contention is that the trial court's construction of Article 3.6 made it an unconstitutional impairment of the contract of employment between appellants and the state. Their argument runs:

Section 75032 is explicit evidence that the Legislature intended that all retired judges of equal rank retiring under section 75025 or section 75060 should receive the same retirement benefits. Insofar as the judges entitled to those benefits are concerned, the increased retirement benefits provided by Article 3.6 are "salary" as that term is used in section 75032. "Salary" is defined by section 75003 as "the compensation received by a judge as the emolument of the office of judge. . . ." It is well settled that retirement benefits are "compensation." "[P]ension rights . . . are an integral part of . . . earnings." (*Benson* v. *Los Angeles,* 60 Cal.2d 355, 359

[33 Cal.Rptr. 257, 384 P.2d 649]; *Sweesy* v. *Los Angeles etc. Retirement Board,* 17 Cal.2d 356, 359-360 [110 P.2d 37], and cases there cited.) Since retirement benefits are compensation, and since compensation is salary, the increased benefits provided by Article 3.6 must be shared by appellants, because otherwise the legislative intend that all retired judges receive equal allowances, effectuated by gearing retirement allowances to the active judge's salary, would be thwarted. Moreover, appellants argue, their rights to future increases in salary became vested upon their compliance with the conditions for their retirement. Thus, Article 3.6, if construed to withhold such an increase from appellants, is an impairment of their contract with the state.

Since this constitutional argument is based upon section 75032, we turn to the language of that section. It describes retirement allowances as ". . . one-half the *salary payable, at the time payment of the allowance falls due,* to the judge holding the judicial office to which [the pensioner] was last elected . . ." (Italics added.)

It is true that the increased percentage allowances payable to the judges qualifying under the provisions of section 75075 are increases in their compensation. But section 75032, it seems to us, does not gear the retired judges' allowance to the total compensation of the active judge. Rather, it explicitly gears it to the amount of *salary payable* to the active judge at the time the retired judge is entitled to his allowance. That portion of the active judge's salary does not include the benefits provided by Article 3.6, since the active judge will not receive those benefits unless he complies with a condition, i.e., retirement before the age of 70 years. Not only are those benefits deferred compensation, they are conditional compensation, and thus doubly not "payable at the time payment of the allowance falls due." The active judge is not entitled to the benefits unless he retires on or before his seventieth birthday. To put it another way, so long as the active judge remains active, the benefits are not payable, since he may choose to make himself ineligible for them. Thus, Article 3.6 effected no impairment of appellants' contractual rights under section 75032, and the constitutional issue did not arise.

### III

We assume that admission in evidence of an unenacted Senate bill which would have authorized any judge who had retired before the effective date of Article 3.6 to receive the benefits provided by that article, was erroneous. Although it is

arguable that the introduction of the bill created an inference that some members of the Legislature thought a change in the law necessary in order to give retired judges increased retirement benefits, it is also arguable that the failure to pass the bill raised an inference that members of the Legislature thought the bill unnecessary because increased benefits were already provided by existing law. We have disregarded both these inferences in reaching our own conclusion on a question which solely involves an interpretation of statutory law.

The judgment is affirmed.

Roth, P. J., and Herndon, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 11, 1968.