[No. C020240. Third Dist. Nov. 9, 1995.]

In re KENNETH WALTERS on Habeas Corpus.

## COUNSEL

Mark E. Cutler and Elizabeth M. Campbell, under appointments by the Court of Appeal, for Petitioner.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Shirley A. Nelson and Alison Elle Smith, Deputy Attorneys General, for Respondent.

## OPINION

**PUGLIA, P. J.**—Petitioner seeks a writ of habeas corpus vindicating his claim the Sacramento Superior Court lacked jurisdiction to sentence him in

absentia under Penal Code section 1203.2a.[1] We hold that under section 1203.2a the superior court must impose sentence within 30 days of *receipt* of a prisoner's request to be sentenced in absentia, failing which, the superior court loses jurisdiction. As a consequence of our holding, petitioner is entitled to a writ.

I

On January 27, 1994, the superior court suspended imposition of judgment and sentence on petitioner's plea of no contest to possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and granted petitioner probation. On March 31, 1994, petitioner was committed to state prison following the revocation of his parole on an unrelated Yolo County felony conviction.

On July 28, 1994, petitioner and a representative of the warden of the prison in which he was incarcerated prepared and signed a request under section 1203.2a for sentencing in absentia after revocation of probation due to prison commitment. The request was mailed to the superior court. The request was on a form provided for that purpose by the California Department of Corrections. The form identifies the number of the case in which petitioner is on probation and the date of conviction, and requests imposition of sentence. Petitioner initialed the form to indicate he waived his right to be present for sentencing and to be represented by an attorney, but expressly did not waive his right to be sentenced within the statutory time period.

The request for sentencing in absentia was filed in the Sacramento Superior Court on August 19, 1994. On September 15, 1994, the superior court sentenced petitioner in absentia to two years in the state prison, to be served concurrently with the parole violation term he was already serving.[2]

After petitioner unsuccessfully sought a writ in the superior court challenging the jurisdiction of that court to pronounce sentence, he filed the instant habeas corpus petition in this court. We issued an order to show cause on May 26, 1994, and appointed counsel for petitioner.

Upon receipt of respondent's return and petitioner's traverse, it became apparent that an issue of fact exists regarding the date the superior court

---

[1]Further statutory references to sections of an undesignated code are to the Penal Code.

[2]Despite petitioner's express waiver of his right to counsel, an assistant public defender made an appearance at the September 15 hearing, stating only, "This is a non-appearance something. I'm standing in on this for [another public defender]." The superior court explained the purpose of the hearing and then sentenced petitioner, without objection or further comment by the assistant public defender.

received petitioner's request for sentencing in absentia. Petitioner declared that even though the superior court filed his request for sentencing in absentia on August 19, 1994, the court actually received the request six days earlier, on August 13, 1994, a Saturday.[3] However, respondent declared the request was filed *and* received on August 19, 1994. Because the date of receipt of the request is decisive on the question of jurisdiction, on July 6, 1995, we appointed the Honorable Ronald B. Robie, Judge of the Sacramento Superior Court, as referee to resolve the factual dispute. (*In re O'Malley* (1950) 101 Cal.App.2d 80 [224 P.2d 488]; see *People* v. *Bailey* (1969) 1 Cal.3d 180 [81 Cal.Rptr. 774, 460 P.2d 974].)

After conducting an evidentiary hearing, the referee submitted his findings to this court on October 4, 1995. As relevant, the referee found that petitioner's request for sentencing in absentia was received on (Saturday) August 13, 1994, by a reserve Sacramento County Sheriff's deputy acting as an agent authorized by the Sacramento Superior Court to receive mail for certain departments of the superior court, including department 32; that "[i]n the normal course of business, petitioner's [request for sentencing in absentia] should have been received in department 32 on Monday, August 15, 1994"; and that the request for sentencing in absentia therefore was received on August 15, 1994.[4]

The referee's "determinations resolve[] mixed questions of fact and law, and are subject to independent review by this court. [Citation.]" (*In re Fields* (1990) 51 Cal.3d 1063, 1068 [275 Cal.Rptr. 384, 800 P.2d 862].) We have made an "independent examination of the evidence taken before the referee" (*In re Hochberg* (1970) 2 Cal.3d 870, 874, fn. 2 [87 Cal.Rptr. 681, 471 P.2d 1]), and hereby adopt the referee's findings that the request for sentencing in absentia was in fact received by an authorized agent of the Sacramento Superior Court on Saturday, August 13, 1994, and that in the normal course of business the request should have been received in department 32 on the next business day, Monday, August 15, 1994.

---

[3]Petitioner supported his declaration with a United States Postal Service certified mail receipt, showing a signature acknowledging receipt and the "date of delivery" as August 13, 1994.

[4]Petitioner moves for judicial notice of an excerpt from the California Court Directory regarding the Sacramento Superior and Municipal Courts, printed in the San Francisco Daily Journal on May 17, 1995, and of the additional facts that department 32 of the Sacramento Superior and Municipal Courts is located at 651 I Street, Judge Cantil is the judge in that department, and the department is open for business Monday through Friday. However, the record is sufficient to establish that petitioner was granted probation on January 27, 1994, by the Honorable Tani G. Cantil, sitting in department 32; the envelope in which petitioner mailed his request for sentencing in absentia to the superior court was addressed to Judge Cantil in department 32; and Judge Cantil was sitting in department 32 when she sentenced petitioner in absentia on September 15, 1994. Judicial notice of the matters sought is unnecessary and the motion is therefore denied.

Moreover, we conclude, as did the referee, that as a matter of law the Sacramento Superior Court received the request for sentencing in absentia on Monday, August 15, 1994. With exceptions not relevant here, "the courts shall be closed for the transaction of judicial business on judicial holidays . . . ." (Code Civ. Proc., § 134, subd. (a).) Saturdays and Sundays are judicial holidays. (Code Civ. Proc., § 135; Gov. Code, § 6700, subd. (a).) Because the Sacramento Superior Court's authorized agent in fact received the request for sentencing in absentia on a judicial holiday, when the court was not authorized to transact judicial business, the request will be deemed to have been received by the Sacramento Superior Court on the next business day, Monday, August 15, 1994.

## II

 Petitioner contends the 30-day period in section 1203.2a in which a trial court must impose sentence in absentia on an unsentenced probationer begins to run on the court's receipt of a request for sentencing in absentia, and thus the Sacramento Superior Court had lost jurisdiction when it sentenced petitioner on September 15, 1994, 31 days after receiving his request. We agree.

"Penal Code section 1203.2a permits a defendant who has been released on probation and subsequently committed to a state prison for another offense, to request the trial court that granted probation to revoke probation and impose sentence." (*In re White* (1969) 1 Cal.3d 207, 210 [81 Cal.Rptr. 780, 460 P.2d 980].) "Recognizing that probation may be granted either by (1) imposing judgment and sentence and suspending execution thereof or (2) suspending imposition of judgment and sentence, section 1203.2a provides for separate and distinct methods of disposition of an earlier order of probation where the probationer is later sentenced to state prison for a subsequent offense. [Citations.] Only in the second circumstance, where imposition of judgment was suspended, does section 1203.2a provide for a written waiver by an absentee probationer. In the [first] circumstance, the statute provides for an ex parte and summary revocation of probation without waiver . . . ." (*People* v. *Martinez* (1975) 46 Cal.App.3d 736, 741 [120 Cal.Rptr. 362, 121 Cal.Rptr. 443].) In either event, if the trial court fails timely to revoke probation under section 1203.2a, the court loses jurisdiction to do so. (§ 1203.2a.)[5]

 "The purpose of section 1203.2a is to prevent inadvertent consecutive sentences which would deprive defendant of the benefit of section 669,

---

[5]Section 1203.2a provides: "If any defendant who has been released on probation is committed to a prison in this state or another state for another offense, the court which released him or her on probation shall have jurisdiction to impose sentence, if no sentence has previously been imposed for the offense for which he or she was granted probation, in the

providing that sentence shall be concurrent unless the court expressly orders otherwise. [Citations.]" (*People* v. *Ruster* (1974) 40 Cal.App.3d 865, 870 [115 Cal.Rptr. 572].)

 Section 1203.2a provides a convoluted, dimly penetrable description of the procedure to be followed when an unsentenced probationer, incarcerated on other charges, requests to have his probation revoked and sentence imposed in absentia.[6] Our reading of the statute indicates, and appellate decisions recognize, that such a probationer may either deliver his

---

absence of the defendant, on the request of the defendant made through his or her counsel, or by himself or herself in writing, if such writing is signed in the presence of the warden of the prison in which he or she is confined or the duly authorized representative of the warden, and the warden or his or her representative attests both that the defendant has made and signed such request and that he or she states that he or she wishes the court to impose sentence in the case in which he or she was released on probation, in his or her absence and without him or her being represented by counsel.

"The probation officer may, upon learning of the defendant's imprisonment, and must within 30 days after being notified in writing by the defendant or his or her counsel, or the warden or duly authorized representative of the prison in which the defendant is confined, report such commitment to the court which released him or her on probation.

"Upon being informed by the probation officer of the defendant's confinement, or upon receipt from the warden or duly authorized representative of any prison in this state or another state of a certificate showing that the defendant is confined in prison, the court shall issue its commitment if sentence has previously been imposed. If sentence has not been previously imposed and if the defendant has requested the court through counsel or in writing in the manner herein provided to impose sentence in the case in which he or she was released on probation in his or her absence and without the presence of counsel to represent him or her, the court shall impose sentence and issue its commitment, or shall make other final order terminating its jurisdiction over the defendant in the case in which the order of probation was made. If the case is one in which sentence has previously been imposed, the court shall be deprived of jurisdiction over defendant if it does not issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 60 days after being notified of the confinement. If the case is one in which sentence has not previously been imposed, the court is deprived of jurisdiction over defendant if it does not impose sentence and issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 30 days after defendant has, in the manner prescribed by this section, requested imposition of sentence.

"Upon imposition of sentence hereunder the commitment shall be dated as of the date upon which probation was granted. If the defendant is then in a state prison for an offense committed subsequent to the one upon which he or she has been on probation, the term of imprisonment of such defendant under a commitment issued hereunder shall commence upon the date upon which defendant was delivered to prison under commitment for his or her subsequent offense. Any terms ordered to be served consecutively shall be served as otherwise provided by law.

"In the event the probation officer fails to report such commitment to the court or the court fails to impose sentence as herein provided, the court shall be deprived thereafter of all jurisdiction it may have retained in the granting of probation in said case."

[6]"It is an unenviable chore to consider section 1203.2a. The statute reflects a disregard for careful drafting and contempt for the English language. Meandering clauses in which the subject and predicate are ruthlessly separated from one another, jumps in thought and logic,

request for sentencing in absentia directly to the trial court (see, e.g., *In re White, supra,* 1 Cal.3d at p. 210; *In re Perez* (1966) 65 Cal.2d 224, 227, fn. 1 [53 Cal.Rptr. 414, 418 P.2d 6]; *People* v. *Mahan* (1980) 111 Cal.App.3d 28, 31-33 [168 Cal.Rptr. 428]; *People* v. *Rogers* (1967) 252 Cal.App.2d 1015, 1018 [61 Cal.Rptr. 48]), or to the probation officer, who must then inform the trial court of the probationer's prison commitment (see, e.g., *In re Wimbs* (1966) 65 Cal.2d 490, 497-498, fn. 5 [55 Cal.Rptr. 222, 421 P.2d 70]; *People* v. *Willett* (1993) 15 Cal.App.4th 1, 6 [18 Cal.Rptr.2d 603]; *People* v. *Ruster, supra,* 40 Cal.App.3d at pp. 868-869; *People* v. *Ford* (1966) 239 Cal.App.2d 944, 946 [49 Cal.Rptr. 283]).[7]

As to a probationer who has previously been sentenced but execution of whose sentence has been suspended, section 1203.2a is unambiguous in indicating when the trial court's statutory time within which to issue its commitment commences. "The probation officer may, upon learning of the defendant's imprisonment, and must within 30 days after being notified in writing by the defendant or his or her counsel, or the warden or duly authorized representative of the prison in which the defendant is confined, report such commitment to the court which released him or her on probation." The trial court's obligation to issue its commitment commences "[*u*]*pon being informed* by the probation officer of the defendant's confinement, or *upon receipt* from the warden or duly authorized representative of any prison in this state or another state of a certificate showing that the defendant is confined in prison . . . . If the case is one in which sentence has previously been imposed, the court shall be deprived of jurisdiction over defendant if it does not issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 60 days *after being notified* of the confinement." (§ 1203.2a, italics added.) The Legislature's use of the terms "upon being informed," "upon receipt," and "after being notified" leaves no doubt that, as to a sentenced probationer, the Legislature intended the trial court issue its commitment within 60 days of receipt of information of the probationer's subsequent prison commitment.

The legislative intent in section 1203.2a is not so clear in the case of an unsentenced probationer i.e. whether the trial court must impose sentence

---

and a lack of organization make the going difficult." (*People* v. *Holt* (1991) 226 Cal.App.3d 962, 965 [277 Cal.Rptr. 323].)

[7]This court has held that where an unsentenced probationer notifies his probation officer in writing of his imprisonment, the probation officer's failure to inform the trial court of that imprisonment constitutes a default under section 1203.2a only where the probationer's notice to his probation officer strictly complied with section 1203.2a. (*People* v. *Ruster, supra,* 40 Cal.App.3d at p. 871; see also *People* v. *Willett, supra,* 15 Cal.App.4th at p. 7.) One appellate court has disagreed with our analysis. (See *People* v. *Holt, supra,* 226 Cal.App.3d at pp. 967-968.)

within 30 days of the court's receipt of the probationer's request for sentencing in absentia.

█ "Our analysis starts from the fundamental premise that the objective of statutory interpretation is to ascertain and effectuate legislative intent. [Citations.] In determining intent, we look first to the words themselves. [Citations.] When the language is clear and unambiguous, there is no need for construction. [Citations.] When the language is susceptible of more than one reasonable interpretation, however, we look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part. [Citations.]" (*People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1007-1008 [239 Cal.Rptr. 656, 741 P.2d 154].) "The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. [Citation.]" (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)

█ Section 1203.2a provides, as relevant, that the trial court shall have jurisdiction to impose sentence "on the *request* of the defendant made through his or her counsel, or by himself or herself in writing" (and made in compliance with the statute); that the probation officer "*after being notified* in writing by the defendant or his or her counsel" shall report the defendant's commitment to the court; and that "*Upon being informed* by the probation officer of the defendant's confinement, . . . the court shall issue its commitment if sentence has previously been imposed. If sentence has not previously been imposed and if the defendant has *requested* the court through counsel or in writing in the manner herein provided to impose sentence in the case in which he or she was released on probation in his or her absence and without the presence of counsel to represent him or her, the court shall impose sentence and issue its commitment, or shall make other final order terminating its jurisdiction over the defendant in the case in which the order of probation was made. . . . If the case is one in which sentence has not previously been imposed, the court is deprived of jurisdiction over defendant if it does not impose sentence and issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 30 days after defendant has, in the manner prescribed by this section, *requested* imposition of sentence." (Italics added.)

Petitioner raises as an alternative contention that the Legislature's use of the words "request" and "requested" indicates an intent that the 30-day period commence from a probationer's mailing of his request for sentencing

in absentia. But this ignores the fact that where a probationer mails his request for sentencing in absentia to his probation officer, the trial court's obligation to impose sentence (or otherwise to terminate jurisdiction) commences "*upon being informed* by the probation officer of the defendant's confinement." (§ 1203.2a, italics added.) ██ ██ " '[The Legislature] will not be presumed to have used inconsistent provisions as to the same subject in the immediate context.' " (*Brennfleck* v. *Workmen's Comp. App. Bd.* (1970) 3 Cal.App.3d 666, 673 [84 Cal.Rptr. 50].) Given that a trial court cannot attain the state of "being informed" of the defendant's confinement until the court receives such information, the statutory language is best harmonized by interpreting the words "request" and "requested" to refer to the trial court's receipt of the request for sentencing in absentia, or receipt of information from the probation officer that the probationer is imprisoned and has made a request in compliance with section 1203.2a. (See fn. 7, *ante*, p. 1554.)

When the trial court fails to impose sentence within 30 days of receipt of a probationer's request for sentencing in absentia, section 1203.2a provides "the court is deprived of jurisdiction over defendant," and "the court shall be deprived thereafter of all jurisdiction it may have retained in the granting of probation in said case." "Loss of jurisdiction over a convicted felon is a severe sanction which courts have been unwilling to apply unless the sentencing court's jurisdiction has been ousted by strict compliance with the statute. [Citations.]" (*People* v. *Como* (1975) 49 Cal.App.3d 604, 609 [123 Cal.Rptr. 86].) Given the severity of the sanction and the vagaries of postal delivery which conceivably might delay the trial court's receipt of a request for sentencing in absentia for more than 30 days after its mailing, it would be unreasonable in the absence of clear language to that effect to interpret the statutory time limit as commencing from the mailing of such a request.

The superior court in the underlying proceeding imposed sentence on petitioner within 30 days of the court's *filing* of petitioner's request for sentencing in absentia. The Attorney General does not contend that the time limitation of section 1203.2a is triggered by the trial court's filing of such a request. Section 1203.2a is not in any event susceptible to such an interpretation. The statute does not refer to the filing of requests for sentencing in absentia; indeed, it does not use the words "file" or "filing." " '[A]n intention to legislate by implication is not to be presumed.' " (*First M. E. Church* v. *Los Angeles Co.* (1928) 204 Cal. 201, 204 [267 P. 703].) Had the Legislature intended the 30-day time period to commence from the filing of a request for sentencing in absentia, it would have said so.

Moreover, the Legislature has implicitly adopted the judicial construction that the time limits of section 1203.2a commence upon receipt of the

relevant information. Since 1943, section 1203.2a has provided that the trial court becomes obligated to impose sentence upon being informed by the probation officer of the defendant's confinement or upon receipt of a certificate showing confinement. (Stats. 1943, ch. 321, § 1, pp. 1316-1317.) Since its amendment in 1963, section 1203.2a has included language regarding the probationer's "request" for sentencing in absentia. (Stats. 1963, ch. 2079, § 1, p. 4345.) Meanwhile, since 1963, the courts have repeatedly indicated, albeit without analysis, that the statutory time limits of section 1203.2a commence upon receipt of proper notification of the probationer's commitment, or receipt of a probationer's request for sentencing in absentia. (See, e.g., *People v. Mahan, supra,* 111 Cal.App.3d at pp. 32-33; *In re Brown* (1971) 19 Cal.App.3d 659, 665 [97 Cal.Rptr. 71]; *People v. Vasquez* (1971) 16 Cal.App.3d 897, 900 [94 Cal.Rptr. 389]; *People v. Ford, supra,* 239 Cal.App.2d at p. 946; *People v. Fisherman* (1965) 237 Cal.App.2d 356, 358 [47 Cal.Rptr. 33].)[8] Nevertheless, despite repeated amendments of section 1203.2a since 1963, the Legislature has never amended those portions of the statute described above. (Stats. 1976, ch. 376, § 1, p. 1024; Stats. 1980, ch. 1117, § 10, pp. 3599-3600; Stats. 1987, ch. 828, § 76, p. 2610; Stats. 1989, ch. 897, § 39, p. 3071; Stats. 1989, ch. 1420, § 2, p. 6288.) ██ ██ " 'Parts of an amended statute not affected by the amendment will be given the same construction that they received before the amendment.' (*Brailsford v. Blue* (1962) 57 Cal.2d 335, 339 [19 Cal.Rptr. 485, 369 P.2d 13].) In such circumstances, the Legislature is presumed to have adopted the prior judicial interpretation of language unchanged by the amendment. [Citations.]" (*Ladd v. Board of Trustees* (1972) 23 Cal.App.3d 984, 990 [100 Cal.Rptr. 571].)

We need not be concerned that our construction of section 1203.2a will impose unreasonable requirements on the trial court. Ordinarily, a presumption arises that a clerk of court has regularly performed his duty by filing a document on the date it was in fact presented to him for filing. (See, e.g., *Estate of Crabtree* (1992) 4 Cal.App.4th 1119, 1125 [6 Cal.Rptr.2d 224].) Because the law both requires the clerk to file and presumes he will file the request for sentencing in absentia on the day it is received, there is only a slight risk of the delayed filing that occurred in this case.

Petitioner has made a prima facie showing rebutting the presumption of filing on presentation by submitting with his habeas corpus petition a certified mail receipt which indicates his request for sentencing in absentia

---

[8]*In re Brown, supra,* 19 Cal.App.3d at page 667, footnote 2, notes that, where the probationer mails his request for sentencing in absentia to the probation officer, section 1203.2a apparently creates two 30-day time limits, the first running from the probation officer's receipt of the request for sentencing in absentia, and the second running from the trial court's receipt of information regarding the probationer's confinement from the probation officer. (See also *People v. Ford, supra,* 239 Cal.App.2d at p. 946.)

was actually received by the trial court six days before it was filed. Petitioner subsequently rebutted the presumption by presenting evidence before the referee establishing the date on which an authorized agent of the superior court received the request. As we have explained, we have deemed the request for sentencing in absentia to have been received by the superior court on August 15, 1994, 31 days before the court imposed sentence. The superior court thus had no jurisdiction to impose sentence on petitioner or to revoke his probation when it purported to do so on September 15, 1994.

By providing for the severe sanction of loss of jurisdiction in the rare case in which a trial court fails to impose sentence within 30 days of receipt of a request for sentencing in absentia, the Legislature placed on the trial court the onus of ensuring that probationers do not inadvertently receive consecutive sentences. Whatever our view of its wisdom, the imposition of such a sanction is within the Legislature's power.

## III

■ The Attorney General argues petitioner waived the statutory right to have sentence imposed within 30 days because the attorney who appeared at the sentencing hearing on September 15, 1994, failed to object to imposition of sentence. (See fn. 2, *ante*, p. 1550) This contention is unpersuasive.

The Attorney General relies on cases which hold that the failure to object to trial court action taken in violation of statutory provisions forfeits the right to challenge such action on appeal. (*People* v. *Saunders* (1993) 5 Cal.4th 580, 589-590 [20 Cal.Rptr.2d 638, 853 P.2d 1093] [failure to object to trial court's erroneous discharge of jury prior to jury's determination of truth of prior conviction allegations]; *People* v. *Welch* (1993) 5 Cal.4th 228, 237 [19 Cal.Rptr.2d 520, 851 P.2d 802] [failure to object to probation conditions]; *People* v. *Walker* (1991) 54 Cal.3d 1013, 1029 [1 Cal.Rptr.2d 902, 819 P.2d 861] [failure to object to fine]; *In re John H.* (1992) 3 Cal.App.4th 1109, 1112 [6 Cal.Rptr.2d 25] [same].)[9] *Saunders* and *Welch* both explain the purpose of finding a forfeiture from the failure to object is to encourage the parties to give the trial court the opportunity to correct the error. (*People* v. *Saunders, supra,* 5 Cal.4th at p. 590; *People* v. *Welch, supra,* 5 Cal.4th at p. 235.) *Saunders* also recognizes that the forfeiture doctrine applies only when the party had an opportunity to present his objection before the trial court. (*People* v. *Saunders, supra,* 5 Cal.4th at pp.

---

[9]Although the Attorney General discusses the issue as one of waiver, which is the intentional relinquishment of a known right, the issue is actually one of forfeiture i.e., the failure to make the timely assertion of a right. (*People* v. *Saunders, supra,* 5 Cal.4th at p. 590, fn. 6.)

589-590.) In this case, an objection would not have permitted the superior court to correct its error because the 30-day period for the court to impose sentence had already lapsed and jurisdiction was thus lost beyond recall. Moreover, as we shall explain, petitioner did not have the opportunity to raise an objection at the hearing.

Petitioner counters that the failure to object to noncompliance with section 1203.2a does not preclude appellate review, relying on *In re Harris* (1993) 5 Cal.4th 813, 836 [21 Cal.Rptr.2d 373, 855 P.2d 391], and *People v. Young* (1991) 228 Cal.App.3d 171, 179 [278 Cal.Rptr. 784]. Although *Harris* states the general proposition that a judgment rendered by a court wholly lacking in jurisdiction may be challenged at any time, *Harris* explains that "wholly lacking in jurisdiction" means the lack of subject matter jurisdiction and not just the lack of jurisdiction to act. (*In re Harris, supra,* 5 Cal.4th at pp. 836-838.) And, although *Young* does stand for the proposition asserted, it relies on cases involving the violation of statutes of limitation which, in criminal actions, implicate subject matter jurisdiction. (See, e.g., *People v. Chadd* (1981) 28 Cal.3d 739, 757 [170 Cal.Rptr. 798, 621 P.2d 837].) Moreover, *Young* ignores language in other cases to the effect that the failure to comply with the time limits of section 1203.2a implicates only personal jurisdiction, rather than subject matter jurisdiction, and may therefore be waived. (*People v. Martinez, supra,* 46 Cal.App.3d at p. 742; *People v. Davidson* (1972) 25 Cal.App.3d 79, 85 [101 Cal.Rptr. 494].)

The question of waiver or forfeiture is complicated further by appellate opinions which have granted relief on appeal and in habeas corpus despite the defendant's failure to have objected to noncompliance with section 1203.2a in the trial court. For example, in *Martinez*, we held the trial court lost jurisdiction to revoke probation under section 1203.2a because the court delayed beyond the statutory time period. Despite our discussion of waiver, the opinion makes clear that the defendant was represented by counsel at the probation revocation hearing, and that neither the parties nor the trial court were aware the statutory time period had run. (*People v. Martinez, supra,* 46 Cal.App.3d at pp. 739-740, 742; see also *People v. Timmons* (1985) 173 Cal.App.3d 1000, 1003-1004, 1008 [219 Cal.Rptr. 611] [appeal dismissed and habeas corpus petition granted where probation revoked beyond time period of § 1203.2a; petitioner asserted trial counsel was ineffective because counsel failed to move for dismissal of revocation proceedings]; *In re Flores* (1983) 140 Cal.App.3d 1019, 1021-1022, 1025 [190 Cal.Rptr. 388] [habeas corpus granted although defendant failed to raise time limitation of § 1203.2a at sentencing].)

We need not resolve the legal question whether a section 1203.2a claim is forfeited by failure to object at the time of imposition of sentence. "It is only

where the facts alleged indicate that the accused had no opportunity to present his contentions at the trial, or on appeal, that he may resort to the writ of habeas corpus." (*People* v. *Lempia* (1956) 144 Cal.App.2d 393, 398 [301 P.2d 40].) The facts in this case establish petitioner could not have raised his contention before the trial court or on appeal. Petitioner mailed his request for sentencing in absentia by certified mail; presumably, the certified mail receipt, which was not made a part of the trial court's record, was returned to petitioner at Soledad. Petitioner expressly waived his right to be present for sentencing, and for counsel at the sentencing hearing. Petitioner thus had no reason to believe counsel would appear at the sentencing hearing and thus no reason to attempt to communicate with the public defender's office. Neither the parties nor the superior court could tell from the record before them at the time of the sentencing hearing that the superior court had actually received the request for sentencing in absentia six days before it was filed. Under these circumstances, the assistant public defender who appeared, unbidden, on petitioner's behalf had no reason to raise the claim of untimeliness under section 1203.2a. Moreover, the record of the superior court would not support such a claim on appeal.

It would be ironic indeed to bar petitioner's claim because of the appearance of an attorney whose assistance petitioner expressly waived. Even if we were to assume the public defender's office had some means of determining prior to the sentencing hearing the date the superior court received petitioner's request for sentencing in absentia, we would have difficulty avoiding the conclusion that defense counsel's assistance was ineffective. (See *People* v. *Pope* (1979) 23 Cal.3d 412, 425-426 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1].)

The writ of habeas corpus is granted. The Sacramento Superior Court is ordered to recall its commitment, vacate the sentence imposed, terminate probation in case No. 93F10065 and take such other actions as are necessary and consistent with this opinion. (See § 1485.)

Scotland, J., and Brown, J., concurred.