Filed 5/3/13  Huryn v. Paiz CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| NATALIA HURYN, | B240758 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. GC046838) |
| v. | |
| SALVADOR PAIZ, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County. Jan A. Pluim, Judge.  Affirmed in part, reversed in part and remanded.

Hicks | Gaumer and James B. Hicks for Plaintiff and Appellant.

Richardson, Fair & Cohen and William P. O'Kelly for Defendant and Respondent.

_____

Plaintiff Natalia A. Huryn appeals from the order dismissing her personal injury complaint against Salvador Paiz after the trial court sustained Paiz's demurrers without leave to amend. We reverse as to Huryn's negligence and battery causes of action because there is a reasonable possibility she can amend those claims to show they were not barred by the statute of limitations. We affirm as to her claim alleging unfair competition because she has failed to state such a cause of action.

## FACTS AND PROCEDURAL HISTORY

On Monday, February 14, 2011, Natalia A. Huryn filed a complaint against Salvador Paiz, alleging that she was injured when Paiz drove his truck into her as she crossed the street on February 10, 2009. Huryn's complaint included three causes of action: (1) battery; (2) negligence; and (3) unlawful business practices (Bus. & Prof. Code, § 17200) because Paiz was driving for business purposes when the incident occurred.

Although the statute of limitations for unfair competition claims is four years (Bus. & Prof. Code, § 17208), claims for battery and negligence must be brought within two years (Code Civ. Proc., § 335.1). In order to address the fact that Huryn's complaint was filed after February 10, 2011, when the limitations period on her two tort claims would have ordinarily expired, her complaint alleged that her attorney had had settlement discussions with Paiz's insurer on February 7, 2011, and that the insurer agreed to extend the limitations period until Friday, February 11, 2011, to give the parties time to settle the case. Huryn alleged that because she relied on the statements made by Paiz's insurer, and because no settlement had been reached, her complaint was timely.

The original complaint was never served on Paiz. Instead, on September 20, 2011, Huryn filed a first amended complaint that was served on Paiz. The amended complaint was identical to the original complaint in all meaningful respects with one exception: it

2

did not include the paragraph from the original complaint that alleged the one-day tolling agreement with Paiz's insurance company.[1]

Paiz demurred to the first amended complaint on two grounds: (1) on the face of the complaint, the negligence and battery causes of action were barred by the two-year statute of limitations as of February 10, 2011; and (2) Huryn failed to state a cause of action for unfair business practices because her allegation that the incident occurred while Paiz was driving on business did not by itself create a cause of action for unlawful business practices. Huryn's opposition points and authorities argued that the demurrer should be overruled because her *unserved complaint,* not her *amended complaint*, alleged facts showing that the limitations period had been tolled. Her opposition papers did not address the sufficiency of her unfair competition cause of action and did not address why the original complaint's tolling agreement allegation had not been made part of the amended complaint.

At the hearing on the demurrer, Paiz's lawyer denied that any tolling agreement had been made. Huryn's lawyer said nothing was in writing because he had recently suffered a stroke. Paiz's lawyer noted that even if a tolling agreement had been made, it expired on February 11 and the complaint was not filed until February 14. The trial court took the matter under submission, then issued a minute order stating that the demurrer was sustained without leave to amend because the complaint had been filed more than two years after Huryn's claims accrued. The minute order said nothing about the unfair competition claim.

After hearing from the parties on the terms of a proposed order, the trial court issued an order dismissing Huryn's complaint after sustaining the demurrers without leave to amend because: (1) even if a tolling agreement existed, it expired on February 11, 2011, meaning that the battery and negligence claims were time-barred when the complaint was filed on February 14, 2011; and (2) the unfair competition claim

---

[1]    This omission has not been explained, either below or on appeal.

failed to allege a legally sufficient cause of action for the reasons advanced in Paiz's demurrer points and authorities.

**STANDARD OF REVIEW**

We treat a demurrer as admitting all material facts properly pleaded, but not contentions, deductions, or conclusions of fact or law. We also consider matters which may be judicially noticed. We give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. If it was sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment. If so, then the trial court abused its discretion and we will reverse. The appellant bears the burden of proving such a reasonable possibility. (*Murphy v. BDO Seidman* (2003) 113 Cal.App.4th 687, 691-692.) So long as a plaintiff shows that he can amend his pleading to cure a defect, we will reverse an order sustaining a demurrer without leave to amend even if the plaintiff did not request leave to amend from the trial court and only sought leave to amend on appeal. (Code Civ. Proc., § 472c, subd. (a); *Kolani v. Gluska* (1998) 64 Cal.App.4th 402, 410-411.)

**DISCUSSION**

1.    *The Complaint Can Be Amended to Preserve the Two Tort Claims*

The trial court sustained Paiz's demurrers to the battery and negligence claims because even if the tolling agreement allegations from the original complaint were deemed true, that agreement expired on February 11, making the February 14 complaint untimely. However, as Huryn points out in her opening appellate brief, Friday, February 11, 2011, was Lincoln's Birthday, a judicial holiday. (Code Civ. Proc., § 10, § 135; Gov. Code, § 6700, subd. (d).) Because the next two days – Saturday and Sunday – were also judicial holidays (Code Civ. Proc., §§ 10, 135), Huryn was excused from filing her complaint until the next judicial day, which was Monday, February 14, 2011

4

(Code Civ. Proc., § 13; *In re Walters* (1995) 39 Cal.App.4th 1546, 1552, overruled on another ground in *In re Hoddinott* (1996) 12 Cal.4th 992, 1005).

Based on the tolling agreement allegation in her original complaint, Huryn contends she can file an amended complaint to reassert the tolling allegations and thus correct the defect in her first amended complaint. Based on the above, we agree that there is a reasonable possibility she can do so. We therefore reverse the order of dismissal as to the battery and negligence causes of action insofar as the trial court sustained the demurrers without leave to amend.[2]

2. *Huryn Failed to State a Cause of Action for Unfair Competition*

An unfair business practices claim under Business and Professions Code section 17200 is an equitable action by which a plaintiff may recover money or property obtained from the plaintiff through unfair or unlawful business practices. It is not an all-purpose substitute for a tort or contract action. (*Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163, 173.) Claims for compensatory tort damages are not permitted through the guise of such a claim. (*Id.* at p. 174.)

Huryn's unfair competition claim does not seek compensatory damages, however. Instead, she seeks injunctive relief against Paiz's alleged "business practice" of unsafe and illegal driving. As Paiz points out, and as the trial court found, the conduct attributed to Paiz does not constitute an unlawful business practice. If it did, then unfair competition claims would be the norm whenever a traffic accident involved a negligent party driving for their employer or some other business purpose. Huryn cites no authority for this proposition and we are aware of none. She contends that the demurrer should have been sustained with leave to amend to allow her to conduct discovery, but,

---

[2]    Our holding recognizes the dilemma in which the trial court was placed, effectively sandbagged by the lawyering of Huryn's attorney. This included omitting the original tolling allegation from the amended complaint, failing to acknowledge or explain that omission, and failing to request leave to amend from the trial court to reassert the tolling allegation.

5

even if such an order were permissible, which we highly doubt, she does not address how allowing discovery would cure the fatal defect in her pleadings.  We therefore agree that the demurrer to this cause of action was properly sustained without leave to amend.

## DISPOSITION

The order dismissing Huryn's complaint is reversed.  The matter is remanded to the trial court with directions to enter a new and different order sustaining Paiz's demurrer to the unfair competition claim without leave to amend, but sustaining his demurrers to the battery and negligence causes of action with leave to amend.  In all other respects, the order is affirmed.  Each party shall bear its own appellate costs.

RUBIN, J.

WE CONCUR:

BIGELOW, P. J.

GRIMES, J.

6